March 21, 2018

**VIA ELECTRONIC FILING**
The Hon. Susan Illston
San Francisco Courthouse
Courtroom 1- 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

       Re:    Derby v. City of Pittsburg
              United States District Court, Northern District of California
              Case No. 3-16-cv-05469 SI

Dear Judge Illston,

Pursuant to Standing Order No. 3, this letter is Defendant City of Pittsburg and Plaintiff Wade Derby's joint statement addressing a discovery dispute in the above-referenced matter. Defendant has deposed Plaintiff for one day, but seeks at least a half day to complete the deposition.  Plaintiff will not agree to any additional deposition time.

    1.   Joint Statement of Facts

Plaintiff's operative complaint alleges retaliation claims in violation of the First Amendment pursuant to 42 U.S.C. § 1983, California Labor Code § 1102.5, and the California Fair Employment and Housing Act.  On February 26, 2018, counsel for Defendant deposed Plaintiff from approximately 9:30 to 6:00 with several breaks, including a lunch break of approximately one hour.  Thus, Plaintiff has provided approximately 7 hours of testimony.  The majority of Plaintiff's examination addressed fourteen distinct alleged adverse employment actions which are the basis of Plaintiff's retaliation claims.  Near the end of this testimony, counsel for Defendant represented that he still had questions regarding several potentially relevant documents and Plaintiff's claimed damages, and stated that he would work with Plaintiff's counsel regarding a mutually convenient time to complete Plaintiff's deposition. Neither Plaintiff nor his counsel raised objections to this plan at the deposition.

In early March Defendant's counsel proposed a date to complete Plaintiff's deposition. In response Plaintiff's counsel represented that Plaintiff would not voluntarily provide additional testimony.  In a follow up meet and confer email, Defendant's counsel represented that

Defendant's counsel did not waste any time during Plaintiff's deposition and only needed approximately half a day to finish asking questions regarding documents and Plaintiff's potential damages.  In response, Plaintiff's counsel stated that the parties had to respect the seven hour testimony limit set in Federal Rule of Civil Procedure ("FRCP") 30.

On March 16, 2018, Defendant's counsel held a meet and confer call with Plaintiff's counsel pursuant to Standing Order No. 3.  The parties did not resolve their dispute through this call, and drafted and filed this letter for the Court's review.

2.   Defendant's Position

A party has the right to depose a witness for more than seven hours when "additional time" is "needed to fairly examine the deponent" or other circumstances delay the completion of the deposition.  FRCP 30(d)(1).

Defendant's counsel did not waste any time in examining Plaintiff about relevant facts. The majority of the first day of Plaintiff's deposition was devoted to questioning Plaintiff about the fourteen distinct adverse employment actions Plaintiff identified as the basis for this lawsuit and whether Plaintiff can meet the elements of each of the distinct retaliation claims for each of these alleged actions.  The number of adverse employment actions that Defendant's counsel had to examine delayed the completion of Plaintiff's deposition.

Plaintiff's operative complaint is 29 pages long with 149 factual paragraphs and three distinct legal theories.  Plaintiff's relevant government claim attached to the Complaint is 35 pages long.  Defendant has not had an opportunity to cover most of the factual allegations in these relevant documents.  Plaintiff was also employed with Defendant for 28 years.

Plaintiff identified several key documents in discovery and in the deposition that allegedly support his claims, and Defendant has had insufficient time to confirm those documents with Plaintiff, let alone ask him any questions regarding them.  Other than the operative complaints and discovery responses, only 6 documents were able to be used as exhibits in the first day of deposition.  Defendant has also had insufficient time to cover Plaintiff's alleged damages.  At Plaintiff's deposition Defendant's counsel raised with Plaintiff's counsel the need to continue the deposition both off the record and on the record.  Plaintiff's counsel raised absolutely no objection to finishing the deposition for the day and continuing it on a mutually agreed-upon day.  Had an objection been raised to coming back for an additional day, Defendant's counsel would have continued with questioning at that time.

It is reasonable under the above circumstances for Plaintiff's deposition to take more than one day to complete.  Defendant does not necessarily intend on covering every specific allegation in the lengthy complaint documents, but depriving Defendant of the additional time to cover the additional material it desires, would be denying it a fair opportunity to defend itself in this action.

The Hon. Susan Illston
March 21, 2018
Page 3

3. Plaintiff's Position

The limits imposed by Federal Rule of Civil Procedure 30(d)(1) should be followed in this case. Plaintiff has already provided approximately seven hours of deposition testimony. The deposition was unobstructed by defense counsel. Only proper form, privilege and personal knowledge objections were made and these were few. The budgeting of time is the job Plaintiff's counsel and nothing in this case required more than 7, unobstructed hours. Damages are rather simple and were disclosed in Plaintiff's initial disclosures – expert witness testimony will compare issues such as lost wages, new job compensation. In sum, the deposition was full and complete and there is no need for additional questions. Tom Kensok, who defended the deposition for Plaintiff, did not take a position one way or the other on this issue but instead stated that this would have to be raised with Daniel Horowitz.

4. Conclusion

For the reasons discussed above: (1) Defendant requests the Court order Plaintiff to appear for deposition for a second day of deposition mutually agreed-upon between the parties, for a minimum of up to four additional hours of testimony; and (2) Plaintiff asks that the Court to deny Defendant's request. The parties' counsel shall make themselves available should the Court desire a conference call to discuss the issue.

Respectfully jointly submitted,


*/s/ Michael J. Christian*              */s/Daniel Horowitz*
Michael J. Christian                    Daniel Horowitz
Counsel for City of Pittsburg           Counsel for Plaintiff Wade Derby

4852-1843-9263, v. 1