UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE DERBY,<br>　　　　Plaintiff,<br>　　v.<br>CITY OF PITTSBURG, CALIFORNIA,<br>　　　　Defendant. | Case No. 16-cv-05469-SI<br><br>**ORDER RE: DISCOVERY DISPUTES AND TRIAL DATE**<br>Re: Dkt. Nos. 51, 52 & 53 |

The Court has received three letter briefs regarding two discovery disputes as well as a request by plaintiff to continue the trial date.

### I.　Plaintiff's deposition

The first dispute concerns defendant's request for additional time to depose plaintiff. Defendant has deposed plaintiff for 7 hours, and wishes to take another half day of deposition lasting no more than 4 hours. Defendant asserts that the additional time is necessary because plaintiff is alleging 14 distinct adverse employment actions that are the basis of his retaliation claims, and defendant notes that plaintiff was employed by defendant for 28 years. Defendant states that the first day of plaintiff's deposition was spent examining those adverse employment actions, and that defendant still needs to question plaintiff about his damages and several potentially relevant documents.

Plaintiff objects that there is no need for a further deposition because damages "are rather simple" and were disclosed in plaintiff's initial disclosures and will be addressed by plaintiff's expert. Dkt. No. 51 at 3. Plaintiff asserts that the first day of deposition was "full and complete," and plaintiff states that the deposition was unobstructed as his counsel only made a few objections

as to form, privilege and personal knowledge.

The Court concludes that defendant has shown good cause for a further deposition of plaintiff. The Advisory Committee Notes to Federal Rule of Civil Procedure 30(d) state that additional time may be warranted, even when the deposition has not been impeded, when an examination covers events occurring over a long period, such as the case here. *See* Fed. R. Civ. Proc. 30(d) advisory committee's note to 2000 amendment. Given the number of distinct adverse employment actions, the Court does not find it unreasonable that defendant needs additional time to question plaintiff about his damages and potentially relevant documents. Accordingly, the Court GRANTS defendant's request for additional time of no more than 4 hours to depose plaintiff. The parties shall meet and confer regarding the further deposition date and time.

## II. Defendant's subpoena to the County of Sacramento for plaintiff's employment records

The second dispute concerns a subpoena that defendant issued to the County of Sacramento ("the County") requesting certain of plaintiff's employment records. According to defendant, plaintiff has secured employment with the County of Sacramento. Defendant asserts that the employment records it seeks are relevant to plaintiff's claim that defendant's failure to destroy or remove records from his personnel file impeded his ability to secure subsequent employment. Defendant also argues that the records are relevant to show mitigation of plaintiff's alleged damages.

The County objects that plaintiff's employment records are the personnel records of a peace officer, and that the County may only produce such records pursuant to a court order stemming from a *Pitchess* motion filed pursuant to California Evidence Code § 1043(a).[1] Defendant argues that the state evidentiary privilege for peace officer personnel records contained

---

[1] Under *Pitchess v. Superior Court*, criminal defendants may compel the discovery of evidence in the arresting law enforcement officer's personnel file that is relevant to the defendant's ability to defend against a criminal charge. 11 Cal. 3d 531, 536-40 (1974). To obtain such information, a defendant must file a written motion with the appropriate court or administrative body and provide written notice to the government agency which has custody and control of the records. *Alford v. Superior Court*, 29 Cal. 4th 1033, 1038 (2003) (citing Cal. Evid. Code § 1043).

2

in Cal. Penal Code § 832.7,[2] and the related *Pitchess* requirements and procedures, do not apply in a federal lawsuit involving claims under 42 U.S.C. § 1983. The letter brief regarding this dispute was filed by the County and defendant; plaintiff has not joined this dispute or otherwise objected to the subpoena.

The Court agrees with defendant and overrules the County's objection to the subpoena. "*Pitchess* procedures do not apply in federal court." *Moore v. Gonzalez*, No. 2:11-cv--3273 AC P, 2013 WL 3816012, at *5 (E.C. Cal. July 22, 2013). Further, "[q]uestions of privilege that arise in the course of the adjudication of federal rights are 'governed by [principles of federal common law].'" *United States v. Zolin*, 491 U.S. 554, 562, 109 S. Ct. 2619, 2625 (1989) (quoting Fed. R. Evid. 501). While "state law may provide a useful referent, . . . it is not controlling." *Breed v. United States District Court*, 542 F.2d 1114, 1115 (9th Cir. 1976). "In cases involving section 1983 claims, courts have repeatedly held that police personnel files and documents are relevant and admissible." *Green v. Baca*, 226 F.R.D. 624, 644 (C.D. Cal. 2005); *see also Miller v. Pancucci*, 141 F.R.D. 292, 298-99 (C.D. Cal.1992) (finding California rules for discovery and privileges, including California Evidence Code section 1043, referenced in sections of California Penal Code, to be "fundamentally inconsistent" with federal law and policy on discovery). Here, plaintiff's personnel records are relevant to his allegation that defendant's actions impaired his ability to find subsequent employment as well as to the issue of damages.

Accordingly, the Court orders the County to respond to the subpoena no later than **March 30, 2018**.

## III. Trial date

The parties have met and conferred regarding plaintiff's request for a continuance of the September 24, 2018 trial date. Plaintiff's counsel states that there is a conflict "because of a pre-

---

[2] California Penal Code section (a) 832.7 provides, "Peace officer or custodial officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code." Cal. Pen. Code § 832.7(a). California Evidence Code section 1046 pertains to discovery of police or crime reports in cases involving claims of excessive force.

3

planned vacation." Dkt. No. 53. Defendant would prefer to keep the September 24 trial date, but in the event the Court grants the continuance, the parties request a new date of February 4, 2019. In light of plaintiff's counsel's scheduling conflict, the Court GRANTS the request for a continuance. The pretrial conference shall be held on **January 22, 2019 at 3:30 p.m.**, and trial shall begin on **February 4, 2019 at 8:30 a.m.** All other dates in the pretrial schedule shall remain the same.

**IT IS SO ORDERED**.

Dated: March 23, 2018

SUSAN ILLSTON
United States District Judge