UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WADE DERBY,

              Plaintiff,

      v.

CITY OF PITTSBURG CALIFORNIA,

              Defendant.

Case No. 16-cv-05469-SI

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

Re: Dkt. No. 81

Defendant's motion for attorney's fees is scheduled for a hearing on September 14, 2018. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES the motion without prejudice to renewal after the resolution of plaintiff's appeal.

In an order filed July 11, 2018, the Court granted summary judgment in favor of defendant City of Pittsburg on plaintiff Wade Derby's claims alleging retaliation under the Fair Employment and Housing Act ("FEHA"), California Labor Code section 1102.5, and 42 U.S.C. section 1983. On August 3, 2018, plaintiff filed a notice of appeal of the summary judgment order and the judgment, and that appeal is pending.

Defendant now seeks its statutory attorney's fees in the amount of $201,450.00, on the ground that plaintiff's claims were frivolous. Defendant argues that the frivolousness of plaintiff's claims is demonstrated by the following: (1) plaintiff abandoned his FEHA claim on summary judgment; (2) plaintiff successfully defended a First Amendment retaliation lawsuit brought by police officers against him on the same ground that the City of Pittsburg defeated plaintiff's section 1983 First Amendment retaliation claim; and (3) plaintiff and his attorney knew or should have known that the negotiations regarding plaintiff's employment ended on October 5-6, 2015,

before plaintiff's alleged protected activity (the October 16, 2015 *Pitchess* hearing), thus defeating

causality for the Labor Code and section 1983 claims. Plaintiff opposes the fee motion on

numerous grounds.

The Advisory Committee Notes to Federal Rule of Civil Procedure 54 state:

> If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved. A notice of appeal does not extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal.

Fed. R. Civ. P. 54(d)(2) Advisory Committee's Notes (1993 Amendments). "Pursuant to this

language, a district court has the discretion to defer consideration of an attorneys' fee motion until

resolution of the underlying case's appeal." *Dufour v. Allen*, No. 2:14-cv-5616 CAS (SSx), 2015

WL 12819170, at *2 (C.D. Cal. Jan. 26, 2015); *see also Masalosalo v. Stonewall Ins. Co*., 718

F.2d 955, 956-57 (9th Cir. 1983) (citing *White v. New Hampshire Dep't of Emp't Sec*., 455 U.S.

445 (1982)) (holding that district court retains jurisdiction to rule on attorney's fees motions),

*superseded on other grounds by rule*, Fed. R. Civ. P. 54 Advisory Committee's Note to 1993

amendment; *see also* Fed. R. Civ. P. 58 Advisory Committee's Note to 1993 Amendment

("Particularly if the claim for fees involves substantial issues or is likely to be affected by the

appellate decision, the district court may prefer to defer consideration of the claim for fees until

after the appeal is resolved.").

The Court finds that it is in the interest of judicial economy to defer ruling on defendant's

motion for fees until after the Ninth Circuit has resolved plaintiff's appeal. *See In re Farmers Ins.*

*Exchange Claims Representative Overtime Pay Litig*., MDL No. 33-1439(A), 2009 WL 3834034,

at *3 (D. Or. Nov. 13, 2009) (deferring, "in the interests of judicial efficiency," ruling on

attorney's fees motion until issuance of mandate from Ninth Circuit and noting that "the issues on

appeal and cross-appeal in this case . . . carry a significant potential that the Ninth Circuit's

disposition may greatly affect my consideration of plaintiffs' motions for attorney fees and

costs."); *see also Sovereign Gen. Ins. Servs., Inc. v. Scottsdale Ins. Co.*, No. 2:05-cv-00389-MCE-

DAD, 2008 WL 5381813, at *1 (E.D. Cal. Dec. 23, 2008) (denying motion for attorney's fees

without prejudice to renewal following disposition of the matter on appeal).

Accordingly, the Court DENIES defendant's motion for attorney's fees without prejudice to renewal after the Ninth Circuit resolves plaintiff's appeal. Defendant may renew its motion for fees within 30 days after the Ninth Circuit issues its mandate.

**IT IS SO ORDERED**.

Dated: August 16, 2018

SUSAN ILLSTON
United States District Judge